1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

DUNCAN J. MCNEIL, III,

Plaintiff,

11

CASE NO. C05-1975-JCC

12

v.

ORDER

13

UNITED STATES, et al.,

14

Defendants.

15

        This matter comes before the Court on Plaintiff's "Ex Parte Objection and Motion to Modify,

16

Alter, or Amend Findings and Order(s) Pursuant to FRCP 52, 59, and 60"; "Motion for Relief from

17

Order(s)"; and "Motion for Extension of Time."  (Dkt. No. 5.) ("Pl.'s Mot.").  Having fully considered

18

the papers submitted by Plaintiff, and having determined that oral argument is not necessary, the Court

19

hereby finds and rules as follows.

20

**I.        BACKGROUND**

21

        Plaintiff is a *pro se* litigant currently incarcerated in Spokane County Jail under a conviction

22

entered in Spokane County Superior Court.[1]  He has built an extensive litigious history which has earned

23

24

        [1] Plaintiff incorrectly maintains that he is a "civil detainee under void civil orders."  (Dkt. No. 1.)
While it appears that Plaintiff at one point was in federal custody under civil contempt orders, he is
currently in state custody due to a recent criminal conviction.  *In re McNeil*, No. CV-04-280-AAM (E.D.

25

26

ORDER – 1

him the title of a "vexatious litigant" in the Eastern District of Washington, the United States Bankruptcy Court for the Central District of California, and Spokane County Superior Court. *See McNeil v. Spokane County Jail*, No. C04-371-AAM (E.D. Wash.) (Order (Dkt. 10)). Plaintiff's filings in the Eastern District of Washington were so extensive that the court entered a "pre-filing review order" to prevent the Plaintiff from filing future frivolous lawsuits.[2]

On November 16, 2005, Plaintiff filed an application in this Court to proceed *in forma pauperis* ("IFP") on a petition for a writ of mandamus and for the registration of "foreign judgments rendered in another district." (Pet. (Dkt. No. 1).) In addition, Plaintiff characterized his IFP application as a collateral attack on (1) all judgments labeling him as a "vexatious litigant"; (2) the Eastern District of Washington's entry of a "pre-filing review order" which imposed conditions on any future complaints submitted by Plaintiff to that court; (3) *sua sponte* dismissal orders that were labeled a "strike" for purposes of 28 U.S.C. § 1915(g); and (4) dismissals based on § 1915(g)'s "three-strike" rule. Plaintiff has brought the present motion asking this Court to reconsider its prior Order denying his application to proceed IFP. (Order (Dkt. No. 3) 2.)

## II.   ANALYSIS

### A.   Construing Plaintiff's Motion for Reconsideration

Plaintiff relies on Federal Rules of Civil Procedure 52(b), 59(e), and 60 in bringing the instant motion. For several reasons, the Court will treat Plaintiff's motion as one for relief from judgment pursuant to Rule 60(b) only.

First, Plaintiff's reliance on Rule 52(b) is misplaced. Rule 52(b) allows a court to amend a

---

Wash.) (Order (Dkt. No. 5)).

[2] Plaintiff attempted to circumvent the Eastern District's pre-filing order by bringing actions in various district courts around the country. These actions were subsequently transferred to the Eastern District of Washington. Plaintiff's filings prompted the Eastern District to forward copies of its Order of Dismissal to the District Executive of every judicial district in the country to encourage *sua sponte* dismissal of his complaints for improper venue. *McNeil v. United States*, No. CV05-211-AAM (Dkt. No. 8).

ORDER – 2

1   judgment.  FED. R. CIV. P. 52(b).   Plaintiff seeks to have this Court reevaluate the denial of his IFP

2   application based on a new allegation in the present motion.  However, a motion to amend under Rule

3   52(b) may not be employed to advance new theories or to secure a rehearing on the merits.  *Fontenot v.*

4   *Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).  Further, even if a motion under Rule 52(b)

5   was proper, such a motion must be brought "no later than 10 days after entry of judgment."  FED. R. CIV.

6   P. 52(b).  Because the Order denying Plaintiff's application to proceed IFP was entered on January 9,

7   2006, Plaintiff's motion, filed on February 2, 2006, is untimely.  Apparently, the Court's Order was

8   mailed to Plaintiff at the address on file with the Court and returned as "undeliverable."  Thereafter,

9   Plaintiff provided the Court with a new address, and the Order was sent again.  It is Plaintiff's

10   responsibility to update the Court with his current contact information, and the Court is expressly

11   prohibited from extending the ten-day filing period of a Rule 52(b) motion.  *See* FED. R. CIV. P. 6(b).

12   Thus, Plaintiff may not maintain a Rule 52(b) motion in any event.

13        Similarly, Plaintiff is foreclosed from invoking Rule 59(e), because a motion to alter or amend a

14   judgment also must be filed no later than 10 days after entry of the judgment.  FED. R. CIV. P. 59(e).

15   Plaintiff's motion for reconsideration, filed on February 2, 2006, is untimely as to Rule 59(e) as well.

16   Regardless of the difficulty with Plaintiff's postal address, Rule 59 motions are triggered by the entry of

17   judgment, and courts are expressly prohibited from extending the ten-day filing period of a Rule 59

18   motion.  *See* FED. R. CIV. P. 6(b).  Accordingly, the Court will construe the present motion as one

19   seeking relief from judgment under Rule 60.  *See Straw v. Bowen*, 866 F.2d 1167, 1171–72 (9th Cir.

20   1989) (construing untimely motion for reconsideration as a motion based on Rule 60(b)).

21        **B.     Imminent Danger Requirement under 28 U.S.C. § 1915(g)**

22        Rule 60 provides for relief from judgment (a) due to clerical mistakes or (b) for a number of

23   substantive reasons.  Plaintiff does not allege any clerical mistakes in the Court's Order denying his IFP

24   application.  Accordingly, the Court reviews under Rule 60(b) only.  Under Rule 60(b), a judgment may

25   be vacated for:

26   ORDER – 3

1    (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
     which by due diligence could not have been discovered in time to move for a new trial
2    under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse
     party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
3    discharged, or a prior judgment upon which it is based has been reversed or otherwise
     vacated, or it is no longer equitable that the judgment should have prospective application;
4    or (6) any other reason justifying relief from the operation of the judgment.  The motion
     shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one
5    year after the judgment, order, or proceeding was entered or taken.

6    FED. R. CIV. P. 60(b).

7        The Court denied Plaintiff's IFP application based on a reading of the restrictions in 28 U.S.C. §

8    1915(g), as amended by the Prison Litigation Reform Act of 1995 ("PLRA").  Under the PLRA, a

9    prisoner is precluded from proceeding IFP in a civil action where that prisoner has, "on 3 or more

10   occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds

11   that it is frivolous, malicious, or fails to state a claim upon which relief can be granted."  28 U.S.C. §

12   1915(g).  The only exception to this "three-strike" bar is where "the prisoner is under imminent danger of

13   serious physical injury," in which case the prisoner is permitted to proceed IFP.  *Id.*  This Court denied

14   Plaintiff's IFP application because he has litigated more than three actions that were dismissed as

15   frivolous and malicious and because he did not allege that he is under imminent danger of serious physical

16   injury.

17       Plaintiff now seeks relief from this Order denying his IFP application based on the new allegation

18   that he is presently under imminent danger of serious physical injury, due to the fact that he has been

19   placed in the "hole" and based on alleged "intentional and retaliatory withholding of required medical

20   care" and medication.  (Pl.'s Mot. 1–2.)  Though Plaintiff does not specify as much, his imminent danger

21   argument therefore appears to invoke subsections (5) and (6) of Rule 60(b).  Subsection (5) permits relief

22   from judgment upon a showing of a "(1) substantial change in circumstances . . . since the order was

23   entered; (2) extreme and unexpected hardship in compliance with the order; and (3) a good reason why

24   the court should modify the order." *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1254 (9th

25   Cir. 1999).  Subsection (6) permits relief from judgment for "any other reason justifying relief from the

26   ORDER – 4

1  operation of the judgment." FED. R. CIV. P. 60(b)(6).  However, for the reasons that follow, the Court

2  finds that Plaintiff's allegations are insufficient to justify relief under either of these standards.

3       A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific,

4  credible allegations of imminent danger of serious physical harm.  *See Kinnell v. Graves*, 265 F.3d 1125,

5  1127–28 (10th Cir. 2001) (citing *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)).  Vague and

6  conclusory assertions regarding withheld medical treatment are insufficient to satisfy the imminent danger

7  standard.  *See White*, 157 F.3d at 1231.  In *White*, a *pro se* prisoner brought a petition for injunctive and

8  monetary relief against the State of Colorado.  After his claims were dismissed by the district court, the

9  prisoner sought leave to proceed IFP on appeal but made no allegations as to his personal well-being.

10  The court denied his IFP application under the three-strike rule, noting that the prisoner did not allege

11  that he was under imminent danger of serious physical injury.  The prisoner thereafter filed a motion for

12  review of the district court's judgment, where he alleged that he was being deprived of life-sustaining

13  medication and medical treatment and was therefore under imminent danger of serious physical injury.

14  The district court denied the motion for review.  On appeal, the *White* court affirmed the denial of the

15  prisoner's IFP application, holding that the prisoner's allegations of imminent danger were "largely a

16  collection of vague and utterly conclusory assertions."  *Id.* at 1231.  The court reasoned that there was

17  nothing in the prisoner's allegations that specified the general nature of the alleged serious physical injury

18  and that he had not even referenced the type of medication or treatment that he was denied or the

19  resulting ailments.  *Id.* at 1231–32.

20       Plaintiff's assertions are very similar to the conclusory allegations made in *White*.  Plaintiff does

21  not describe the condition for which he requires medical treatment and medication, nor does he describe

22  the effects of the denial of the medication, other than to vaguely and in a conclusory manner state that he

23  has been put in imminent danger as a result of this alleged denial of medical treatment.  Having provided

24  no basis in fact for the alleged denial of his medical treatment, Plaintiff's allegations merely invite the

25  Court to speculate as to the possible nature of his alleged serious physical injury, which this Court may

26  ORDER – 5

not do.  Mindful of the Plaintiff's previous unsuccessful attempts to invoke § 1915(g)'s imminent danger

exception,[3] the Court finds that Plaintiff has failed to demonstrate that he is under imminent danger of

serious physical injury under § 1915(g).

## III.   CONCLUSION

It is therefore ORDERED:

(1)     Plaintiff's motion for relief from judgment is DENIED;

(2)     Plaintiff's application for leave to proceed IFP (Dkt. No. 1) is DENIED;

(3)     This action shall proceed only if Plaintiff pays the applicable filing fee within **thirty (30)**

days after entry of this Order;

(4)     Plaintiff's motion for extension of time is DENIED as MOOT;

(5)     The Clerk shall furnish copies of this Order to Plaintiff and to the Honorable Monica J.

Benton, United States Magistrate Judge.

SO ORDERED this 8th day of March, 2006.

John C. Coughenour

United States District Judge

---

[3] The Court notes that this action is apparently not the first instance in which Plaintiff has attempted, by vague and conclusory assertions regarding serious physical injury, to bypass § 1915's three-strike bar.  *See McNeil v. United States*, No CV05-249-AAM (E.D. Wash.) (Dkt. No. 13) (finding that Plaintiff's conclusory conditions of confinement claim insufficient to invoke § 1915(g) exception); *McNeil v. United States*, No. CV-05-211-AAM (E.D. Wash.) (Dkt. No. 8) ("[P]laintiff makes a 'conclusory' allegation that he is in imminent danger of serious physical injury.  This is insufficient to demonstrate that plaintiff is, in fact, in imminent danger of physical injury.  What it demonstrates is that plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends.").

ORDER – 6